UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S. DANIEL F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C19-1914-MLP <br><br> ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by discounting his testimony, lay witness statements, and four medical sources' opinions. (Dkt. #10.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.  BACKGROUND

Plaintiff was born in 1973, has a high school education, and has worked as a security guard. AR at 25-26. Plaintiff was last gainfully employed in 2015. *Id.* at 80. He alleges disability as of January 1, 2016. *Id.* at 15. After conducting a hearing in June 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-27, 77-111. Based on severe impairments of

ORDER - 1

bipolar, major depressive, anxiety, personality, and polysubstance abuse disorders, the ALJ found Plaintiff could perform simple and some detailed tasks but not at a production pace, could have superficial interactions with coworkers and no interaction with the public, and may be off-task 10 percent of the workday. *Id.* at 21.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err by Discounting Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ discounted Plaintiff's testimony of auditory hallucinations and difficulty with social interaction, concentration, and memory, because Plaintiff's symptoms subsided with treatment compliance and because he failed to follow treatment recommendations. AR at 22-23.

An ALJ may properly discount claimant testimony when the record shows the claimant "responded favorably to conservative treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008). And "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can constitute a sufficient reason for discrediting a claimant's symptom testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ found Plaintiff's absences from counseling sessions were "intentional on his part, rather than the symptom of his mental impairments." AR at 23. Plaintiff concedes he missed many counseling sessions but contends the ALJ should have further investigated the reasons for his failure to follow this prescribed treatment. (Dkt. # 10 at 12-13.) An ALJ must consider a claimant's proffered reasons for failing to follow prescribed treatment, but there is no duty to investigate when a claimant fails to assert a reason. *Trevizo*, 871 F.3d at 679-80 (failure to assert a reason can cast doubt on the sincerity of a claimant's testimony). Failure to follow prescribed treatment was a clear and convincing reason to discount Plaintiff's testimony.

ORDER - 3

1    When Plaintiff did follow treatment recommendations, including attending counseling,
2 his symptoms improved to the point where full mental status examinations typically showed
3 entirely or almost entirely normal results. *See*, *e.g.*, AR at 581-82, 584-85, 588, 597-98. "Such
4 evidence of medical treatment successfully relieving symptoms can undermine a claim of
5 disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Plaintiff suggests the
6 normal examination findings are isolated instances of improvement that reflect only waxing and
7 waning of symptoms but offers no record support for his supposition. (Dkt. # 10 at 12.) The ALJ
8 reasonably interpreted the record as showing treatment successfully relieved Plaintiff's
9 symptoms. *See Thomas*, 278 F.3d at 954 (when evidence is susceptible to more than one rational
10 interpretation, the Commissioner's must be upheld). Improvement with treatment was a clear and
11 convincing reason to discount Plaintiff's testimony.
12    Plaintiff contends the ALJ erred by failing to consider all factors described in the
13 regulations, such as his activities, precipitating and aggravating factors, and any other factors.
14 (Dkt. # 10 at 14-15 (citing 20 C.F.R. § 416.929(c)(3).) The regulations give examples of the
15 types of information that may be relevant to evaluating a claimant's impairments, but do not
16 require the ALJ to address every example. Plaintiff argues his self-reported activities are
17 consistent with his testimony. (Dkt. # 10 at 15.) But this consistency between his own statements
18 does not undermine the ALJ's reasoning that improvement with treatment and unexplained
19 failure to follow treatment recommendations were clear and convincing reasons to discount
20 Plaintiff's testimony.
21    Plaintiff points to evidence he had difficulty completing homework and interacting with
22 others. (Dkt. # 10 at 12.) The ALJ accommodated concentration and social deficits by limiting
23 pace and complexity of work, prohibiting public interaction, and allowing only superficial

coworker interaction. AR at 21. Plaintiff has shown no error in the ALJ's analysis. The Court therefore concludes the ALJ did not err by discounting Plaintiff's testimony.

### B.     The ALJ Did Not Err by Discounting the Lay Witness Statements

The ALJ gave little weight to the statements of Plaintiff's mother and friend for the same reasons he discounted Plaintiff's testimony. Because those reasons were sufficiently clear and convincing to discount Plaintiff's testimony, they were sufficiently germane to discount similar lay witness testimony. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (if an ALJ gave clear and convincing reasons for rejecting the claimant's testimony, those reasons are germane to similar testimony by a lay witness).

### C.     The ALJ Erred in Discounting One of the Medical Opinions

A treating physician's opinion is generally entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* An ALJ may reject the opinion of a non-acceptable medical source, such as a therapist, by giving germane reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014).

   1.     *The ALJ Did Not Err by Discounting the Opinions of Treating Physician Abigail L. Gross, M.D.*

The ALJ gave little weight to Dr. Gross' opinions that impulse control difficulty and stimulus sensitivity would make work difficult because Plaintiff's symptoms improved with treatment compliance and because the opinions conflicted with objective clinical findings and

were vague. AR at 24-25. Plaintiff argues the ALJ "should have sought clarification" if he found the opinion vague or unsupported. (Dkt. # 10 at 9.) Even if vagueness was an erroneous reason to discount Dr. Gross' opinions, the error is harmless. Medical records of normal mental status examination results when compliant with treatment contradicted the opinions and were a specific and legitimate reason to discount them. *Cf. Tommasetti*, 533 F.3d at 1041 (contradiction between a treating physician's opinions and her own medical records is a "specific and legitimate reason for rejecting" the opinions). In addition, clinical findings of adequate impulse control contradicted Dr. Gross' opinion of disabling difficulty with impulse control. *See*, *e.g.*, AR at 585, 588, 602. Conflict with objective medical evidence was another specific and legitimate reason to discount Dr. Gross' opinions. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate reasons to discount the opinions). The Court concludes the ALJ did not err by discounting Dr. Gross' opinions.

    2. *The ALJ Did Not Err by Discounting the Opinions of Treating Provider Mollie Gunnoe, MSW*

The ALJ gave little weight to Ms. Gunnoe's opinions that Plaintiff's impairments would make him absent from work at least three days per month because they were inconsistent with contemporaneous normal clinical findings and evidence of improvement with treatment. AR at 24, 786. As with Dr. Gross' opinions, improvement with treatment was a germane reason to discount Ms. Gunnoe's opinions. The Court concludes the ALJ did not err by discounting them.

### 3. The ALJ Did Not Err by Discounting the Opinions of Examining Doctor Melanie Mitchell, Psy.D.

The ALJ gave little weight to Dr. Mitchell's opinions of disabling limitations because she examined Plaintiff shortly before his alleged onset date, when he was still abusing marijuana, and because the opinions were contradicted by the longitudinal record showing symptoms were relieved with treatment compliance. AR at 25. Even if the first reason was erroneous, the second reason is sufficient. While Dr. Mitchell found several abnormalities, mental status examinations during the relevant period showed entirely or largely normal findings. *Compare id.* at 511-12 *with id.* at 581-82, 584-85, 588, 597-98. Conflict with the medical record was a specific and legitimate reason to discount Dr. Mitchell's opinions. The Court concludes the ALJ did not err by discounting them.

### 4. The ALJ Erred in Discounting the Opinions of Examining Doctor Tasmyn Bowes, Psy.D.

The ALJ gave little weight to Dr. Bowes' opinions of disabling limitations because Plaintiff's "lack of candor with Dr. Bowes about his drug abuse has compromised the utility of Dr. Bowes' report and opinion." AR at 25, 526-27. The ALJ cited records showing Plaintiff had used heroin about a month and a half before Dr. Bowes' October 20, 2016 examination, while Plaintiff told Dr. Bowes he last used heroin "a few months ago." *Id.* at 524, 546 (on September 14, 2016, Plaintiff reported using heroin "several days ago"). The ALJ did not explain how knowing the exact timing of Plaintiff's last heroin use might have changed Dr. Bowes' opinions. Minor discrepancies in the timing of Plaintiff's substance use were not a specific and legitimate reason to discount Dr. Bowes' opinions. The ALJ also cited a record showing Plaintiff tested positive for methamphetamine about a month after Dr. Bowes' examination. *Id.* at 538. The ALJ did not explain the significance of methamphetamine use *after* Dr. Bowes issued her opinions.

ORDER - 7

The ALJ also found Plaintiff used marijuana, which was not mentioned in Dr. Bowes' report, but failed to explain how this could have affected Dr. Bowes' opinions. Under these circumstances, lack of candor about substance use was not a specific and legitimate reason to discount Dr. Bowes' opinions.

The Commissioner concedes the ALJ was required to consider limitations arising from "all of Plaintiff's impairments, including his substance use," to determine disability before addressing whether substance abuse was a material contributing factor. (Dkt. # 11 at 9; *see* 42 U.S.C. § 1382c(a)(3)(J)). However, the Commissioner's argument that Dr. Bowes's opinions failed to consider all impairments is illogical. (Dkt. # 11 at 9.) Whether Plaintiff engaged in *more* substance use than Dr. Bowes knew, there is no indication her opined limitations excluded any impairments; accordingly, this was not a reason to find *less* limitation than Dr. Bowes opined.

The ALJ erred by discounting Dr. Bowes' opinion without a specific and legitimate reason. The Commissioner contends the error is harmless because "the ALJ's decision made clear that Plaintiff would be found not disabled, regardless of the effects of his substance use." (Dkt. # 11 at 9-10.) However, that was the ALJ's decision based on improper consideration of Dr. Bowes' opinions, and the Court will not speculate about what the ALJ would decide if he properly considered the opinions. The Commissioner also notes the ALJ found "Plaintiff's presentation during treatment examinations and appointments was unremarkable and did not establish disabling limitations." (*Id.* at 10.) That was not, however, a reason the ALJ provided to discount Dr. Bowes' opinions. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225

(9th Cir. 1995). The Court cannot pretend to know what the ALJ was thinking. The Court concludes the ALJ erred in discounting Dr. Bowes' opinions.

### 5. *Nonexamining State Agency Doctors*

The Commissioner is correct that the ALJ was not required to provide reasons to accept medical opinions. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions"). However, because the ALJ must reevaluate Dr. Bowes' opinions, the ALJ may need to reevaluate the conflicting opinions of the nonexamining state agency doctors.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Dr. Bowes' opinions, reassess the RFC as appropriate, and proceed to step five as necessary.

Dated this 26th day of August, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge